## CASWELL v. HARRIS.

### No. 8591; February 23, 1887.

13 Pac. 166.

**Pledge by Bank Officers—Fraud on Creditors.**—Where, on the the question of an alleged fraudulent pledge made by the president and secretary of a corporation for the benefit of certain creditors, the court below directs the jury that said president and secretary had power to make the pledge, and the jury find the same to be fraudulent, a judgment affirming such verdict will not be disturbed, the question of fraud being for the jury, and their verdict not necessarily contrary to the direction of the court.

This is an action in replevin, brought by B. F. Caswell, appellant, as a pledge-holder of certain personal property, against defendant, who took the said property as sheriff under two writs of attachment. The property belonged to a corporation named the Bear Creek Lumber Company, which turned it over, by way of pledge, to plaintiff, for the benefit of all its creditors except mortgage creditors. This pledge was to replace a prior agreement, assented to by all the creditors, placing the business in the hands of a trustee, who had not accepted. This agreement restrained the creditors from suing. The agreement to accept the pledge was signed by certain of the creditors only. Immediately after this pledge, ·the mortgage creditors brought suit by attachment, claiming that their security was worthless. They attached this property in that suit. They obtained judgment, and defendant, as sheriff, sold the property. Some of the other creditors also

placed a second attachment on the property, and obtained judgment, notwithstanding the agreement, claiming it was void by reason of some of the signers to it being paid in full, in pursuance of a secret understanding to that effect when the agreement was signed. This was proved on the trial of the case of Kauffmann v. Bear Creek Lumber Co. Both Harmon and Kauffmann claimed the pledge was void, because made to defraud the creditors of the company. Judgment was rendered for defendant. Plaintiff moved for a new trial, on the ground that there was no evidence to support the verdict, and also on the ground of erroneous rulings of the court. The motion being denied, this appeal was taken.

S. F. Leib, C. D. Wright and Moore & Laine for appellant; L. Archer, D. M. Delmas and J. A. Yoell for respondent.

THORNTON, J.—Conceding that the court below erred in its direction to the jury, in which it affirmed the power of the president and secretary of the Bear Creek Lumber Company, a corporation, to make a pledge of its property in satisfaction of a just claim of the company, still the jury might have based their verdict on the conclusion that such assignment was void as made with intent to hinder, delay, and defraud creditors. On this issue certain circumstances were before the jury for their consideration. The jury were the proper triers of the intent, for the fraudulent intent of such an assignment is always a question of fact, and not of law, and is so expressly declared by statute in this state: Civ. Code, sec. 3442; see sec. 3449. In this view, the jury might, and no doubt did, find a verdict which was not at all in conflict with any instruction given them. The learned judge of the court below does not appear to have thought that the jury disobeyed any instruction which was given them. The motion for a new trial was denied by him, and we think properly denied. We find no error in the record.

The judgment is affirmed.

We concur: McFarland, J.; Sharpstein, J.